**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**
www.flmb.uscourts.gov

In re:                                                Case Nos.:    **9:10-bk-13469-ALP**
                                                                            **9:10-bk-13470-ALP**
**DANIEL M. CUGINI,**                                                **9:10-bk-17762-ALP**
**CREDIT CARDS DIRECT, INC. and**          **Chapter 11**
**SPRINKLES ICE CREAM, LLC**

     **Debtors.**
_____/

## MOTION TO APPROVE STIPULATION

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**
**Pursuant to Local Rule 2002-4, the Court will consider this motion,**
**objection, or other matter without further notice or hearing unless a**
**party in interest files an objection within twenty one (21) days from**
**the date this paper is entered on the docket. If you object to the relief**
**requested in this paper, you must file your objection with the Clerk of**
**the Court, Lee Ann Bennett, at Sam M. Gibbons United States**
**Courthouse 801 N. Florida Avenue, Tampa, Florida 33602, and serve**
**a copy on the movant's attorney, Robert P. Charbonneau, Ehrenstein**
**Charbonneau Calderin, 501 Brickell Key Drive, Miami, FL 33131.**

**If you file and serve an objection within the time permitted, the Court**
**may schedule a hearing and you will be notified. If you do not file an**
**objection within the time permitted, the Court will consider that you**
**do not oppose the granting of the relief requested in the paper, will**
**proceed to consider the paper without further notice or hearing, and**
**may grant the relief requested.**

    Debtor-in-possession, Daniel M. Cugini (the "**Debtor**"), pursuant to Fed. R.

Bankr. P. 9019 and Local Rule 2002-4, moves this Court ("**Motion**") for entry of an

order approving the terms of the agreement among Debtor, Mrs. Gabriela Cugini ("**Mrs.**

**Cugini'**), Billboards U.S.A. Outdoor, Inc. ("**Billboard**"), Land North, LLC ("**LN**"), and

Land East West, LLC ("**LEW**") (each a "**Party**", and collectively the "**Parties**")

memorialized in the Stipulation, a copy of which is attached hereto as **Exhibit "A"**.  In support of the Motion, the Debtor states as follows:

## I.    JURISDICTION, VENUE, STATUTORY AND PROCEDURAL BASIS

1.    This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to sections 28 U.S.C §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The procedural predicate for the requested relief is Fed. R. Bankr. P. 9019 and Local Rule 2002-4.

## II.    BACKGROUND

2.    On June 3, 2010, the Debtor filed his petition for relief under Chapter 11 of the Bankruptcy Code (the "**Petition Date**").

3.    The Debtor is operating his business and managing his affairs as a debtor-in-possession pursuant to the authority of Sections 1107(a) and 1108 of the Bankruptcy Code.

4.    To date, no trustee, examiner, or statutory committee has been appointed in the case.

5.    The primary business of the Debtor is the operation of an outdoor advertising business.  In 2008, the Debtor formed Billboards U.S.A. Outdoor, Inc. ("**Billboards**") to hold ownership of the Debtor's billboards in Florida.  Billboards is owned 50% by the Debtor and 50% by his wife, Mrs. Gabriela Cugini ("**Mrs. Cugini**"). Simultaneously with the formation of Billboards, the Debtor also formed Land East West, LLC ("**LEW**") and Land North, LLC ("**LN**").  LEW and LN took title to the real property where Billboard's property stands. LEW and LN are currently owned by the

Debtor and Mrs. Cugini as Tenants by the Entirety and claimed as exempt. All of the foregoing transfers that occurred in 2008 shall be referred to as the "**Transfers**."

6.      All of the Transfers were disclosed in the Debtor's Statement of Financial Affairs and to the Court and creditors in attendance at the first day hearings conducted by the Court on June 17, 2010.

7.      Through its counsel, M&I demanded on July 23, 2010, that the Debtor cause the reversal of the Transfers so that the property of Billboards, LEW and LN would be revested in the Debtor.  On July 26, 2010, the Debtor declined, explaining that there were legitimate business reasons, related primarily to shielding the estate from tort liability, for why the Debtor wanted to maintain separate entities to hold the properties of Billboards, LN and LEW.  The Debtor also maintained, and continues to maintain, that the Joint Plan of Reorganization (the "**Plan**") [ECF #156] as amended, will provide for the liquidation value of the Debtor's interests in Billboards, LN and LEW, and utilize 100% of the Debtor's income from those entities, regardless of their ownership structure or exemption status.

8.      On August 11, 2010, however, M&I filed a Motion for Authority to Pursue Avoidance Actions on Behalf of the Debtor's Estate (the "**Avoidance Action Motion**") [ECF #79] seeking leave to prosecute a reversal of the Transfers as alleged fraudulent transfer actions.

9.      On August 17, 2010, the Debtor filed a response in opposition to Avoidance Action Motion [ECF #85] asserting that: (a) the transfers were disclosed in the Debtor's Statement of Financial Affairs [ECF #43]; (b) the transfers are not

fraudulent under section 548 of the Bankruptcy Code; (c) the Debtor was not insolvent at the time of the transfers; (d) that M&I fails the test for derivative standing to bring such an action as they have failed to demonstrate colorable claims and the Debtor has been willing to negotiate a resolution of those allegations; (e) the avoidance of the transfers of the Billboards would not be in the best interest of the estate, but would rather be potentially harmful as they would expose the Debtor to potential liability on personal injury claims; and finally (f), the resolution of the Billboards issue would best be accomplished in the context of a Chapter 11 Plan.

10. On August 19, 2010, the Court heard the Avoidance Action Motion. At that hearing, counsel for the Debtor advised the Court that: (a) the Debtor's financial analyst, GlassRatner, was in the process of conducting a solvency analysis to determine whether a claim for constructive fraudulent transfer could be raised; (b) that the Debtor intended to commit all of his net disposable income (as defined in 11 USC § 1129(a)(15)) to fund the Plan as well as the liquidation value of his assets in accordance with 11 U.S.C. 1129(a)(7). Thereafter, the Court entered an Order on the Avoidance Action Motion, which deferred ruling on the motion until a later date. [ECF #119].

11. On September 15, 2010, M&I and First Community Bank filed a Joint Motion for Conversion (the "**Conversion Motion**") requesting that the Court convert this case for "cause" pursuant to Section 1112(b)(1) and (4) allegedly due to: (a) a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation due to the Debtor's use of income for living expenses, as well as (b) a claim of gross mismanagement of the estate due to the Debtor's refusal to re-

transfer the Billboards, an issue which this Court has ruled is not presently ripe for determination.

12. On October 5, 2010, the Debtor filed its Response in Opposition to the Conversion Motion [ECF #164] asserting that the movants; (a) failed to establish cause for conversion because pursuant to case law in the Eleventh Circuit, an individual Chapter 11 debtor may utilize post petition income for reasonable living expenses, and (b) were attempting to relitigate the Avoidance Action Motion upon which the Court had deferred ruling.

13. On October 7, 2010, the Court heard the Conversion Motion, and subsequently entered an Order that set the Conversion Motion for a final evidentiary hearing on the issue of the alleged fraudulent transfers in connection with the Billboards ("**Evidentiary Hearing**") for November 29, 2010 at 9:00 a.m.

14. The Debtor absolutely disagrees with any contention that the Transfers were a fraud upon any creditor of this estate, particularly as creditors will obtain all they are entitled to receive under Section 1129(a)(7) and (15), regardless of the current ownership structure of Billboards, LN and LEW. However, the Evidentiary Hearing would be a distraction impeding upon the Debtor's goal of confirming a plan of reorganization. Additionally, the Debtor would incur fees and costs that would be better spent pursuing confirmation of the Plan.

15. Accordingly, the Debtor entered into negotiations with Billboards, LN, LEW and Mrs. Cugini for the conveyance of the billboard assets to one entity— Billboards—that is wholly owned by the Debtor. The Parties have reached an agreement,

which materialized in the form of a stipulation (the "**Stipulation**"). Attached to the Stipulation as "**Schedule A**" is a detailed list of the real property to be transferred pursuant to the Stipulation.

16. In anticipation of the Stipulation, the Debtor previously filed an Agreed Motion to Continue the Evidentiary Hearing on Joint Motion to Convert Case to Chapter 7 [ECF #112] (the "**Motion to Continue**") [ECF # 181] seeking to continue the Evidentiary Hearing until a date to be set in connection with confirmation of the Debtor's Plan. On October 18, 2010, the court entered an order granting the Motion to Continue. [ECF # 185]. M&I supported the Motion to Continue based upon the Settlement Parties' intentions of entering into the Stipulation.

17. The Debtor has conferred with M&I who supports the relief sought herein.

### III. MATERIAL TERMS OF THE SETTLEMENT AGREEMENT

18. The Stipulation fully sets forth all of the terms of the agreement among the Parties. The material provisions of the agreement are described as follows:

a. <u>Transfer of LN and LEW Assets</u>. LN and LEW agree to convey any and all Billboard Assets that each entity holds to Billboard U.S.A., subject to any claims, whether secured or unsecured, that the Billboard Assets are subject to.

b. <u>Transfer of Billboard U.S.A. Stock.</u> Mrs. Cugini shall transfer her fifty percent (50%) equity interest in Billboard U.S.A. (the "**Billboard U.S.A. Stock**") to Mr. Cugini (the "**Stock Transfer**"). Thus, Mr. Cugini will be the sole shareholder of Billboard U.S.A., which shall hold all the Billboard Assets formerly held by LN and LEW.

c. <u>Stock Not Exempt</u>. Upon execution of Stock Transfer, Mr. Cugini shall amend his bankruptcy Schedule B to reflect his 100% ownership interest in Billboard U.S.A., and shall not claim such interest as exempt.

# IV.    REQUESTED RELIEF

19.    Debtor requests that this Court enter an Order approving the Stipulation. The Stipulation should effectively resolve all outstanding issues surrounding the Transfers.

# V.    BASIS FOR THE REQUESTED RELIEF

20.    "It is generally recognized that the law favors compromise of disputes over litigation for litigation sake." *In re Bicoastal Corp*., 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). Rule 9019(a) grants the bankruptcy court the power to approve settlements. *GMGRSST, Ltd. v. Menotte (In re Air Safety Int'l, L.C.)*, 336 B.R. 843, 852 (S.D. Fla. 2005). Specifically, Rule 9019 states:

> (a) **Compromise.** On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

> Fed. R. Bankr. P. 9019.

Accordingly, it is within the scope of this Court's authority to grant the Motion.

21.    When considering settlements for approval, the bankruptcy court is to "determine whether the proposed settlement is fair and equitable." *In re Air Safety Int'l, L.C.*, 336 B.R. at 852. The Eleventh Circuit Court of Appeals has set forth factors to assist bankruptcy courts in determining whether a settlement proposal meets the appropriate standard. *Id.* These factors are as follows: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay

necessarily attending it and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises ("***Justice Oaks* Factors**"). *See Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990). *See also Romagosa v. Thomas (In re Van Diepen, P.A.)*, 236 Fed. Appx. 498, 504 (11th Cir. 2007) (setting forth Justice Oaks Factors and affirming bankruptcy court's approval of settlement agreement). Appellate courts review a bankruptcy court's approval of a settlement or comprise to determine whether there is a clear showing that the bankruptcy court abused its discretion. *In re Van Diepen, P.A.*, 236 Fed. Appx. at 504; *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (stating "the Bankruptcy Court has broad discretion to approve a compromise."). Moreover, "[t]he bankruptcy court is not required to rule on the merits, and most look only to the probabilities." *Id.* Settlements or compromises should be approved unless they "fall below the lowest point in the range of reasonableness." *In re Bicoastal Corp.*, 164 B.R. at 1016.

22.     Here, the *Justice Oaks* Factors weigh in favor of approving the terms of the Stipulation.  In negotiating the terms of the Stipulation, Debtor and its counsel carefully evaluated the costs and risks of potential litigation stemming from the Transfers and the costs involved to conduct the Evidentiary Hearing.  Since the Stipulation is a complete resolution of the issues surrounding the Transfers, the Debtor believes that the Stipulation is in the best interests of Debtor's bankruptcy estate and its creditors.

23.     Debtor recommends approval of the Stipulation because it is fair, reasonable and in the best interest of the estates and their creditors. The Stipulation is a vehicle for the Debtor to resolve any concern that M&I, or any creditor, may have in

regards to the Transfers and the assets currently held by LN, LEW, and Billboards. This is of paramount benefit to all interested parties and creditors as it enables the Debtor to focus his attention, and funds, where they are best served—on the confirmation process.

**WHEREFORE**, Debtor respectfully requests that the Court enter an Order: (i) granting the Motion (ii) approving the Stipulation; (iii) retaining jurisdiction over the terms of the Stipulation and the parties thereto to interpret and enforce the Stipulation; (iv) and for such other relief as the Court deems proper.

Dated:  November 15, 2010       **EHRENSTEIN CHARBONNEAU CALDERIN**
*Counsel for the Debtor in Possession*
501 Brickell Key Drive, Suite 300
Miami, FL 33131
T 305.722.2002     F 305.722.2001

By:    */s/ Robert P. Charbonneau*
       Robert P. Charbonneau, Esq.
       Florida Bar No.: 968234
       rcharbonneau@ecclegal.com
       Jacqueline Calderin, Esq.
       Fla. Bar No. 134414
       jcalderin@ecclegal.com
       David R. Rothenstein, Esq.
       Florida Bar No.: 072704
       drothenstein@ecclegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 16, 2010, notice of the foregoing was provided as indicated on the attached Service List.

By:    /s/  Robert P. Charbonneau
       Robert P. Charbonneau, Esq.

Label Matrix for local noticing
113A-9
Case 9:10-bk-13469-ALP
Middle District of Florida
Ft. Myers
Mon Nov 15 18:12:55 EST 2010

1775, LLC
1811 Murdock Circle ~~Via e-mail~~
Port Charlotte, FL 33948-4089

(p)BB AND T
PO BOX 1847
WILSON NC 27894-1847

BB&T BKC Sec/100-50-01-51
PO Box 1847
Wilson, NC 27894-1847

BB&T Bankruptcy Dept
P.O. Box 1847
Wilson, NC 27894-1847

BB&T Mortgage Payment Center
P.O. Box 580022
Charlotte, NC 28258-0022

Bank of America
PO Box 15019
Wilmington, DE 19886-5019

BillboardsUSA Management LLC ~~Via e-mail~~
1811 Murdock Circle
Port Charlotte, FL 33948-4089

BlueCross BlueShield
P.O. Box 105360
Atlanta, GA 30348-5360

Jackson H. Bowman IV
Brigham Moore LLP
1780 102nd Ave. N., #100
St. Petersburg, FL 33716-3602

Jacqueline Calderin
Ehrenstein Charbonneau & Calderin
800 Brickell Avenue
Suite 902
Miami, FL 33131-2966

Robert P Charbonneau
Ehrenstein Charbonneau & Calderin
800 Brickell Avenue
Miami, FL 33131-2911

Charlotte County Tax Collect
18500 Murdock Circle
Port Charlotte, FL 33948-1068

Charlotte County Utilities
P.O. Box 516000
Punta Gorda, FL 33951-6000

Charlotte State Bank
2331 Tamiami Trail
Punta Gorda, FL 33950-5925

Charlotte State Bank
1100 Tamiami Trail
Port Charlotte, FL 33953-3808

Charlotte State Bank
c/o Mark Martella, Esquire ~~E-filer~~
205 E. Marion Ave., Suite 110
Punta Gorda, FL 33950-3715

Citizens Property Ins
P.O. Box 17850
Jacksonville, FL 32245-7850

Credit Cards Direct, Inc. ~~Via e-mail~~
1811 Murdock Circle
Port Charlotte, FL 33948-4089

Daniel M. Cugini
Credit Cards Direct, Inc.-9-10-bk-13470
Sprinkles Ice Cream, LLC - 9-10-bk-17762
JOINTLY ADMINISTERED
1851 Murdock Circle
Port Charlotte, FL 33948

Connie J Delisser
The Law Office of Marshall C Watson PA ~~E-Filer~~
1800 Northwest 49th Street
Suite 120
Fort Lauderdale, FL 33309-3092

Department of Labor and Security
Hartman Building Suite 307
2012 Capital Circle Southeast
Tallahassee FL 32399 0648

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Elaine Cugini
12330 Lackawanna Lane
Port Charlotte, FL 33953-2277

FP&L
P.O. Box 025576
Miami, FL 33102-5576

First Community Bank
9001 Belcher Road
Pinellas Park, FL 33782-4423

First Community Bank of America
c/o Jeffrey W. Leasure, Esq. ~~E-Filer~~
Jeffrey W. Leasure, P.A.
P. O. Box 61169
Fort Myers, FL 33906-1169

First Community Bank of America
c/o Jeffrey W. Leasure, Esq. ~~E-Filer~~
P. O. Box 61169
Fort Myers, FL 33906-1169

Florida Dept. of Revenue
5050 West Tennessee Street
Tallahassee, FL 32399-0100

Florida Keys Aqueduct Author
P.O. Box 1479
Key West, FL 33041-1479

Via e-mail

Florida Power (Melbourne)
FPL General Mail Facility
Miami, FL 33188-0001

Florida West, LLC
18350 Murdock Circle
Port Charlotte, FL 33948
GTE Federal Credit Union
PO Box 172599
Tampa, FL 33672-0599

G.T.E. Federal Credit Union
Attn: Member Services
P.O. Box 172539
Tampa, FL 33672-0539

GMAC Mortgage LLC
Law Offices of Marshall C. Watson, P.A.
1800 NW 49th Street Suite 120
Fort Lauderdale, FL 33309-3092

GMAC Mortgage LLC
Law Offices of Marshall C. Watson, P.A.
1800 NW 49th Street Suite 120
Fort Lauderdale, FL 33309-3092

GTE Federal Credit Union
PO BOX 172599
Tampa, FL 33672-0599

Aaron A Haak
Elliot Berger Helms Law Group, PA
1625 Hendry Street, Third Floor
Fort Myers, FL 33901-2920

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

James Granello
1370 Arden Avenue
Staten Island, NY 10312-4919

Jesus Christ Believers Church
20020 Veterans Blvd #21
Port Charlotte, FL 33954-2114

Jesus Christ Believers Church
20020 Veterans Blvd #22
Port Charlotte, FL 33954-2114

Keys Energy Services
P.O. Box 6048
Key West, FL 33041-6048

Raymond Howard Krasinski
Peachtree Appraisals
3238 Albin Ave.
North Port, FL 34286-7272

Laneatha Daily
1058 Riggs Street
Port Charlotte, FL 33952-1717

Jeffrey W. Leasure
Jeffrey W. Leasure, PA
P O Box 61169
Fort Myers, FL 33906-1169

M&I Marshall & Ilsley Bank
c/o Edwin G. Rice
Glenn Rasmussen Fogarty & Hooker, P.A.
P.O. Box 3333
Tampa, FL 33601-3333

M&I Marshall & Ilsley Bank
c/o Edwin G. Rice
Glenn Rasmussen Fogarty & Hooker, P.A.
100 South Ashley Drive, #1300
Tampa, FL 33602-5309

M&I Marshall & Ilsley Bank
c/o Gregory M. McCoskey
Glenn Rasmussen Fogarty & Hooker, P.A.
100 South Ashley Drive, #1300
Tampa, FL 33602-5309

M&I Marshall and Ilsley Bank
c/o Gregory M. McCoskey
Glenn Rasmussen Fogarty & Hooker, P.A.
100 S. Ashley Drive, Suite 1300
Tampa, FL 33602-5309

Marcos Puga
18338 Murdock Circle #2
Port Charlotte, FL 33948-1032

Marcos Puga
6670 S. Biscayne
North Port, FL 34287-2216

Marshall and Ilsley Bank
PO Box 3114
Milwaukee, WI 53201-3114

Mark Martella
Martella Law Firm, PL
255 E Marion Avenue
Suite 118
Punta Gorda, FL 33950-3715

Gregory M McCoskey
Glenn Rasmussen & Fogarty, P.A.
P.O. Box 3333
Tampa, FL 33601-3333

Micheal Corradi
740 West Street
Naples, FL 34108-2678

Murdock Circle Commercial Co
18350 Murdock Circle, #102
Port Charlotte, FL 33948-1024

Office of US Attorney
Attn Civil Process Clerk
400 North Tampa St Suite 3200
Tampa FL 33602-4774

Alexander L. Paskay
Tampa

Peace River Condo Association
4166 Tamiami Trail
Port Charlotte, FL 33952-9255

Peter Rappucci
4042 Old Trail Way
Naples, FL 34103-3542

R. Jeff Weiler
20020 Veterans Blvd #7
Port Charlotte, FL 33954-2113

R. Jeffrey Weiler
C/O Aaron A. Lash, Esq.
1625 Hendry Street, Suite 301
Fort Myers, Florida 33901-2969

PATRICIA A. REDMOND
Stearns Weaver Miller, et al
Museum Tower, Suite 2200
150 West Flagler Street
Miami, FL 33130-1536

ECF Filer

Patricia Redmond
Stearns Weaver Miller et al
150 West Flagler Street
Suite 2200
Miami, FL 33130-1545

Edwin G Rice
Glenn Rasmussen Fogarty & Hooker PA
PO Box 3333
100 South Ashley Drive, Suite 1300
Tampa, FL 33602-5309

SBA Disaster Ass., Area 2
One Baltimore Place, # 300
Atlanta, GA 30308-2115

ECF Filer

Security Alarm Company
17776 Toledo Blade Blvd
Port Charlotte, FL 33948-1015

Stephanie Browning
20020 Veterans Blvd #23
Port Charlotte, FL 33954-2114

Tanya Leuck
20020 Veterans Blvd #24
Port Charlotte, FL 33954-2114

To Be Advised
18338 Murdock Circle #2
Port Charlotte, FL 33948-1032

U.S.Small Business Administration
National Disaster Loan Resolution Center
200 W. Santa Ana Blvd # 180
Santa Ana, CA 92701-4134

USAA
PO BOX 829009
Dallas, TX 75382-9009

USAA FEDERAL SAVINGS BANK
C O Weinstein And Riley, PS
Po Box 3978
Seattle, Wa 98124-3978

USAA Federal Savings Bank
10750 McDermott Freeway
San Antonio, TX 78288-1600

USAA Federal Savings Bank
c/o Weinstein & Riley, PS
2001 Western Ave, Ste#400
Seattle, WA 98121-3132

United States Trustee - FTM
Timberlake Annex, Suite 1200
501 E. Polk Street
Tampa, FL 33602-3949

Veterans Plaza Condo Associa
c/o Star Hospitality Management
26530 Mallard Way
Punta Gorda, FL 33950-9327

R. Jeffrey Weiler
20020 Veterans Blvd., Suite 7
Port Charlotte, FL 33954-2113

West Coast Power of Healing Ministry, In
18338 Murdock Circle
Port Charlotte, FL 33948-1032

Westcoast Power of Healing Ministry, Inc
18338 Murdock Circle #1
Port Charlotte, FL 33948-1032

J Steven Wilkes
Office of United States Trustee
501 East Polk Street
Tampa, FL 33602-3949

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

BB&T
PO Box 1847
Wilson, NC 27894

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)First Community Bank of America        (u)GTE Federal Credit Union

End of Label Matrix
Mailable recipients        80
Bypassed recipients         2
Total                      82

Label Matrix for local noticing
113A-9
Case 9:10-bk-13470-ALP
Middle District of Florida
Ft. Myers
Mon Nov 15 18:13:10 EST 2010

Jacqueline Calderin
Ehrenstein Charbonneau & Calderin
800 Brickell Avenue
Suite 902
Miami, FL 33131-2966

Robert P Charbonneau
Ehrenstein Charbonneau & Calderin
800 Brickell Avenue
Miami, FL 33131-2911

Citibank South Dakota NA
DBA
4740 121st St
Urbandale, IA 50323-2402

Credit Cards Direct, Inc.
1851 Murdock Circle
Port Charlotte, FL 33948-4089
Via email

Daniel M. Cugini
1851 Murdock Circle
Port Charlotte, FL 33948-4089
Via email

Daniel M. Cugini
1851 Murdock Circle
Port Charlotte, FL 33948

Daystar Communications
18215 Paulson Drive
Port Charlotte, FL 33954-1019

Department of Labor and Security
Hartman Building Suite 307
2012 Capital Circle Southeast
Tallahassee FL 32399 0648

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

GE Money Bank
c/o Recovery Management Systems Corp.
25 SE 2nd Ave, Suite 1120
Miami, FL 33131-1605

GE Money Bank
c/o Recovery Management Systems Corporat
25 SE 2nd Ave Suite 1120
Miami FL 33131-1605

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

M&I Marshall & Ilsley Bank
c/o Edwin G. Rice
Glenn Rasmussen Fogarty & Hooker, P.A.
P.O. Box 3333
Tampa, FL 33601-3333
ECF Filer

M&I Marshall & Ilsley Bank
c/o Edwin G. Rice
Glenn Rasmussen Fogarty & Hooker, P.A.
100 South Ashley Dr., #1300
Tampa, FL 33602-5309
ECF Filer

M&I Marshall & Ilsley Bank
c/o Gregory M. McCoskey
Glenn Rasmussen Fogarty & Hooker, P.A.
100 South Ashley Dr., #1300
Tampa, FL 33602-5309
ECF Filer

M&I Marshall and Ilsley Bank
c/o Gregory M. McCoskey
Glenn Rasmussen Fogarty & Hooker, P.A.
100 S. Ashley Drive, Suite 1300
Tampa, FL 33602-5309
ECF Filer

Marshall and Ilsley Bank
PO Box 3114
Milwaukee, WI 53201-3114

Marshall and Ilsley Bank
c/o Gregory McCoskey, Esq
100 S. Ashley Dr. #1300
Tampa, FL 33602-5309
ECF Filer

Gregory M McCoskey
Glenn Rasmussen & Fogarty, P.A.
P.O. Box 3333
Tampa, FL 33601-3333

Office of US Attorney
Attn Civil Process Clerk
400 North Tampa St Suite 3200
Tampa FL 33602-4774

Alexander L. Paskay
Tampa

Recovery Management Systems Corporation
25 SE 2nd Ave, Suite 1120
Miami, FL 33131-1605

Edwin G Rice
Glenn Rasmussen  Fogarty & Hooker PA
PO Box 3333
100 South Ashley Drive, Suite 1300
Tampa, FL 33602-5309

United States Trustee - FTM
Timberlake Annex, Suite 1200
501 E. Polk Street
Tampa, FL 33602-3949

J Steven Wilkes
Office of United States Trustee
501 East Polk Street
Tampa, FL 33602-3949

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Internal Revenue Service          (d)Internal Revenue Service        End of Label Matrix
P.O. Box 21126                       PO Box 21126                     Mailable recipients     25
Philadelphia, PA 19114               Philadelphia, PA 19114           Bypassed recipients      0
                                                                      Total                   25
```

Label Matrix for local noticing
113A-9
Case 9:10-bk-17762-ALP
Middle District of Florida
Ft. Myers
Mon Nov 15 18:06:10 EST 2010

BillboardsUSA Management LLC
18500 Murdock Circle
Port Charlotte, FL 33948-4089

Via email

Jacqueline Calderin
Ehrenstein Charbonneau & Calderin
800 Brickell Avenue
Suite 902
Miami, FL 33131-2966

Robert P Charbonneau
Ehrenstein Charbonneau & Calderin
800 Brickell Avenue
Miami, FL 33131-2911

Charlotte County Tax Collect
18500 Murdock Circle
Port Charlotte, FL 33948-1068

Credit Cards Direct, Inc.
18500 Murdock Circle
Port Charlotte, FL 33948-4089

Via email

Daniel M. Cugini
18500 Murdock Circle
Port Charlotte, FL 33948-4089

Via email

Department of Labor and Security
Hartman Building Suite 307
2012 Capital Circle Southeast
Tallahassee FL 32399 0648

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Florida Dept. of Revenue
5050 West Tennessee Street
Tallahassee, FL 32399-0100

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

M&I Marshall & Ilsley Bank
c/o Edwin G. Rice
Glenn Rasmussen Fogarty & Hooker, P.A.
P.O. Box 3333
Tampa, FL 33601-3333

ECF Filer

M&I Marshall & Ilsley Bank
c/o Edwin G. Rice
Glenn Rasmussen Fogarty & Hooker, P.A.
100 South Ashley Drive, Ste. 1300
Tampa, Fl 33602-5309

ECF Filer

M&I Marshall and Ilsley Bank
c/o Victoria D. Critchlow
Glenn Rasmussen Fogarty & Hooker, P.A.
100 S. Ashley Drive
Suite 1300
Tampa, FL 33602-5309

ECF Filer

Marshall and Ilsley Bank
PO Box 3114
Milwaukee, WI 53201-3114

Marshall and Ilsley Bank
c/o Gregory McCoskey, Esq.
100 S. Ashley Dr. #1300
Tampa, FL 33602-5309

ECF Filer

Office of US Attorney
Attn Civil Process Clerk
400 North Tampa St Suite 3200
Tampa FL 33602-4774

Alexander L. Paskay
Tampa

Edwin G Rice
Glenn Rasmussen  Fogarty & Hooker PA
PO Box 3333
100 South Ashley Drive, Suite 1300
Tampa, FL 33602-5309

Sprinkles Ice Cream, LLC
18500 Murdock Circle
Port Charlotte, FL 33948-4089

Via email

United States Trustee - FTM
Timberlake Annex, Suite 1200
501 E. Polk Street
Tampa, FL 33602-3949

J Steven Wilkes
Office of United States Trustee
501 East Polk Street
Tampa, FL 33602-3949

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
7850 SW 6 Court
Mail Stop 5730
Fort Lauderdale, FL 33324

(d)Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

(d)Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)M&I Marshall & Ilsley Bank                End of Label Matrix
c/o Edwin G. Rice                           Mailable recipients    21
Glenn Rasmussen Fogarty & Hooker, P.A.      Bypassed recipients     1
P.O. Box 3333                               Total                  22
Tampa, FL 33601-3333

# Ex. "A"

# **STIPULATION**

This stipulation (the "**Agreement**") is made by and among (1) Debtor and Debtor-in-Possession, Daniel M. Cugini ("**Debtor**" or "**Mr. Cugini**"), (2) Mrs. Gabriela Cugini ("**Mrs. Cugini**'), (3) Billboards U.S.A. Outdoor, Inc. ("**Billboard U.S.A.**"), Land North, LLC ("**LN**"), and (4) Land East West, LLC ("**LEW**") (each a "**Party**", and collectively the "**Parties**").

WHEREAS, the Debtor is an entrepreneur operating numerous businesses in a variety of industries—one such business being an outdoor advertising business ("**Billboard Business**"). The Billboard Business is comprised of several separate entities, including, but not limited to, Billboard U.S.A., LN and LEW (each a "**Billboard Company**", and collectively, the "**Billboard Companies**").

WHEREAS, LN and LEW own real property on which certain of the billboards are located, while Billboard U.S.A. owns the billboard structures themselves (collectively, the "**Billboard Assets**"). Through the Billboard Companies, the Billboard Business designs, manufactures, and installs the advertisements for its customers. Additionally, the business also includes providing maintenance for all the structures and the surrounding properties, and protecting their visibility.

WHEREAS, Mrs. Gabriela Cugini is the Debtor's wife.

WHEREAS, Mr. and Mrs. Cugini jointly own Billboard U.S.A., each holding a fifty percent (50%) interest therein.

WHEREAS, Mr. and Mrs. Cugini own LN and LEW as a tenancy by the entireties.

WHEREAS, the Debtor is a passive investor in the development of a rock and sand mine in Port Charlotte, Florida (the "**Rock Mine**"). Specifically, the Debtor holds a fifty percent (50%) membership interest in Florida Investments, LLC (the "**Mine Company**"), which recently developed the Rock Mine, and now leases the premises to an operator.

WHEREAS, the Mine Company obtained financing (the "**Mine Loan**") from M&I Marshall & Ilsley Bank ("**M&I**") to (i) acquire the real property on which the Rock Mine is located and (ii) to develop the Rock Mine.

WHEREAS, in conjunction with the Mine Loan, the Debtor and M&I executed a guaranty agreement, pursuant to which Mr. Cugini personally guaranteed the Mine Company's repayment of the Mine Loan (the "**Guaranty Agreement**").

WHEREAS, as Mr. Cugini's Billboard Business grew, and the demands for installations and removals became greater, Mr. Cugini found it difficult to rely on his one, sub-contracted sign installer. Rental income commences upon advertisement installation on a billboard, and Mr. Cugini required a dependable advertisement installer, so he purchased a truck and hired a full time employee to hang advertisements on the outdoor structures. The outdoor structures on which the billboard advertisements hang are up to 30 feet off the ground. On July 7, 2007, Mr. Cugini also married Mrs. Cugini. By dividing the assets of the Billboard Business into three different entities, and insuring all of the entities, Mr. Cugini was able to limit his liabilities, and engage in estate planning for his new spouse. Consequently, the Debtor transferred certain real and personal property to LN, LEW, and Billboards U.S.A. (the "**Transfers**").

WHEREAS, On June 3, 2010, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code ("**Bankruptcy Code**") initiating the bankruptcy case styled *In re Daniel M. Cugini*, Case No. 9:10-bk-13469-ALP (the "**Cugini Case**") in the Bankruptcy Court for the Middle District of Florida ("**Bankruptcy Court**").

WHEREAS, all of the Transfers were disclosed in the Debtor's Statement of Financial Affairs and to the Court and creditors in attendance at the first day hearings conducted by the Court on June 17, 2010.

WHEREAS, on July 23, 2010, M&I demanded that the Debtor reverse the Transfers so that the property of Billboards U.S.A., LEW and LN would be owned directly by the Debtor. The Debtor declined, however, explaining that there were legitimate business reasons—related primarily to shielding the estate from tort liability—for why the Debtor wanted to maintain separate entities to hold the Billboard Assets of Billboards U.S.A., LN and LEW. The Debtor also maintained, and continues to maintain, that the Joint Plan of Reorganization (the "**Plan**") [ECF #156 in the Cugini Case] as amended, will provide for the liquidation value of the Debtor's interests in Billboards U.S.A., LN and LEW, and utilize 100% of the Debtor's income from those entities, regardless of their ownership structure or exemption status.

WHEREAS, on August 11, 2010, however, M&I filed a Motion for Authority to Pursue Avoidance Actions on Behalf of the Debtor's Estate (the "**Avoidance Action Motion**") [ECF #79 in the Cugini Case] seeking leave to prosecute the avoidance of the Transfers pursuant to Chapter 5 of the Bankruptcy Code.

WHEREAS, on August 17, 2010, the Debtor filed a response in opposition to Avoidance Action Motion [ECF #85 in the Cugini Case] asserting that: (a) the transfers were disclosed in the Debtor's Statement of Financial Affairs [ECF #43 in the Cugini Case]; (b) the transfers are not fraudulent under section 548 of the Bankruptcy Code; (c) the Debtor was not insolvent at the time of the transfers; (d) that M&I fails the test for derivative standing to bring such an action as they have failed to demonstrate colorable claims and the Debtor has been willing to negotiate a resolution of those allegations; (e) the avoidance of the transfers of the Billboard Assets would

2

not be in the best interest of the estate, but would rather be potentially harmful as they would expose the Debtor to potential liability on personal injury claims; and finally (f), the resolution of the Billboard Business issue would best be accomplished in the context of a Chapter 11 Plan.

WHERAS, on August 19, 2010, the Court heard the Avoidance Action Motion. At that hearing, counsel for the Debtor advised the Court that: (a) the Debtor's financial analyst, GlassRatner, was in the process of conducting a solvency analysis to determine whether a claim for constructive fraudulent transfer could be raised; (b) that the Debtor intended to commit all of his net disposable income (as defined in 11 USC § 1129(a)(15)) to fund the Plan as well as the liquidation value of his assets in accordance with 11 U.S.C. 1129(a)(7). Thereafter, the Court entered an Order on the Avoidance Action Motion, which deferred ruling on the motion until a later date. [ECF #119 in the Cugini Case].

WHEREAS, on September 15, 2010, M&I and First Community Bank filed a Joint Motion for Conversion (the "**Conversion Motion**") requesting that the Court convert this case for "cause" pursuant to Section 1112(b)(1) and (4) allegedly due to: (a) a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation due to the Debtor's use of income for living expenses, as well as (b) a claim of gross mismanagement of the estate due to the Debtor's refusal to re-transfer the Billboard Assets, an issue which this Court has ruled is not presently ripe for determination.

WHEREAS, on October 5, 2010, the Debtor filed its Response in Opposition to the Conversion Motion [ECF #164 in the Cugini Case] asserting that the movants: (a) failed to establish cause for conversion because pursuant to case law in the Eleventh Circuit, an individual Chapter 11 debtor may utilize post petition income for reasonable living expenses, and (b) were attempting to relitigate the Avoidance Action Motion upon which the Court had deferred ruling.

WHEREAS, on October 7, 2010, the Court heard the Conversion Motion, and subsequently set the Conversion Motion for a final evidentiary hearing on November 29, 2010 at 9:00 a.m. (the "**Evidentiary Hearing**").

WHEREAS, the Debtor absolutely disagrees with any contention that the Transfers were fraudulent, particularly as creditors will obtain all they are entitled to receive under Section 1129(a)(7) and (15), regardless of the current ownership structure of Billboards U.S.A., LN and LEW.

WHEREAS, the Evidentiary Hearing, however, would be a distraction impeding upon the Debtor's goal of confirming a plan of reorganization, and the Debtor would incur fees and costs that would be better spent pursuing confirmation of the Plan. Accordingly, the Debtor entered into negotiations with Billboards U.S.A., LN, LEW and Mrs. Cugini for the conveyance of the Billboard Assets to one entity—Billboards U.S.A—that is wholly owned by the Debtor.

3

WHEREAS, in anticipation of reaching a settlement, the Debtor previously filed an Agreed Motion to Continue the Evidentiary Hearing on Joint Motion to Convert Case to Chapter 7 [ECF #112] (the "**Motion to Continue**") [ECF # 181 in the Cugini Case] seeking to continue the Evidentiary Hearing until a date to be set in connection with confirmation of the Debtor's Plan. On October 18, 2010, the court entered an order granting the Motion to Continue. [ECF # 185 in the Cugini Case]. M&I supported the Motion to Continue based upon the Parties' intentions of entering into this Agreement.

NOW THEREFORE, in consideration of the foregoing and the mutual promises, undertakings and agreements contained herein, subject to Bankruptcy Court approval, the Parties agree as follows:

1.      Incorporation of Recitals. The foregoing recitals are true and correct and incorporated herein by reference.

2.      Denial of Liability and Wrongdoing. The Parties agree that this Agreement is a compromise and settlement to address potential issues in the Cugini Case, and that none of the Parties admit, and each expressly denies, any liability or wrongdoing on its part, except as may expressly be set forth herein.

3.      Transfer of LN and LEW Assets. LN and LEW agree to convey any and all Billboard Assets that each entity holds to Billboard U.S.A., subject to any claims, whether secured or unsecured, that the Billboard Assets are subject to (the "**Transferred Billboard Assets**"). The Transferred Billboard Assets are detailed on the annexed **Schedule "A"**.

4.      Transfer of Billboard U.S.A. Stock. Mrs. Cugini shall transfer her fifty percent (50%) equity interest in Billboard U.S.A. (the "**Billboard U.S.A. Stock**") to Mr. Cugini (the "**Stock Transfer**"). Thus, Mr. Cugini will be the sole shareholder of Billboard U.S.A., which shall hold all the Billboard Assets formerly held by LN and LEW.

5.      Stock Not Exempt. Upon execution of the Stock Transfer, Mr. Cugini shall amend his bankruptcy Schedule B to reflect his 100% ownership interest in Billboard U.S.A., and shall not claim such interest as exempt.

14.     Necessary Additional Documents. The Parties agree to cooperate in executing any additional documents necessary to effectuate the terms of this Agreement, including, without limitation, the transfer of the Billboard Assets, and the transfer of the Billboard U.S.A. Stock.

16.     Bankruptcy Court Approval and Effect of Agreement. This Agreement shall not be effective until the Bankruptcy Court approves this Agreement in its entirety. Upon the

Bankruptcy Court final order of approval, this Agreement is effective and binding on the Parties hereto, Debtor's estate, its creditors, equity security holders, interested parties, parties in interest, noticed parties, meaning any party that has requested and/or received notice in the Cugini Case, estate fiduciaries, including, without limitation, any Chapter 7 and/or 11 trustees, present and former affiliates, parents, subsidiaries, predecessors in interest, successors in interest and all respective officers, directors, managers, members, agents, employees, attorneys, advisors, heirs and assignees. Should the Bankruptcy Court not approve the terms of this Agreement, the Agreement is null and void and shall have no force or effect and shall not be enforceable by or against the Parties hereto and the Parties shall be restored to their prior position without any prejudice.

17.    <u>Authority to Enter Into Agreement</u>. The Parties represent that they have the authority to enter into, execute and perform this Agreement and to compromise the claims or potential claims referred to herein.

18.    <u>Acknowledgement of Terms</u>. The Parties represent that they have been, or had the opportunity to be, represented by legal counsel and: (i) they have completely read and fully understand this Agreement and have voluntarily accepted the terms contained herein for the purposes of making a full and final compromise, adjustment and settlement, and to avoid unnecessary litigation that would impede upon the Debtor's possibility of successful reorganization; and (ii) they have determined that this settlement is fair and reasonable under all the circumstances and that this determination is based solely upon their independent judgment after an opportunity to consult with counsel of their choice and, that in making this determination, they have had an adequate opportunity to discuss and assess the issues addressed herein. By way of executing this, the Parties have not admitted nor commented upon the validity or merit of any potential claim or cause of action related to the Transfers.

19.    <u>Savings Clause</u>. To the extent that any provision of this Agreement is deemed by a court of competent jurisdiction to be unenforceable, void or voidable, this Agreement is modified to the minimum extent necessary to exclude or strike herefrom only that discrete portion hereof that is deemed by such court to be unenforceable, void or voidable and the remainder of this Agreement shall continue to remain in full force and effect and be valid and binding on the Parties.

20.    <u>Counterparts and Copies</u>. This Agreement may be executed simultaneously in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement. A facsimile, .pdf or electronic copy of this Agreement and any signature hereon shall be considered for all purposes as originals and delivery of an executed counterpart.

21.     <u>Merger Clause</u>. This Agreement constitutes the entire agreement of the Parties. All prior oral and written agreements for all Parties are only those that are set forth herein and none of the Parties is relying on any promise or representation not set forth in this Agreement. This Agreement can be amended only in writing, signed by all Parties, and none of the terms, conditions or provisions of the Agreement can waived, changed, altered or modified except by an instrument in writing signed by all the Parties against whom enforcement of such change is sought.

22.     <u>Choice of Law and Jurisdiction</u>. The Parties agree that the Agreement is governed by Florida law and federal law relating to the Bankruptcy Code and consent to and agree to the Bankruptcy Court for the Middle District of Florida retaining and having exclusive jurisdiction to interpret and enforce the terms of this Agreement and the judgments to be issued or entered hereunder.

23.     <u>Opportunity to Review</u>. Each of the Parties acknowledge that he, she or it has read all of the terms of this Agreement, has had an opportunity to consult with counsel of their own choosing, or has voluntarily waived such right and enters into this Agreement voluntarily and without duress.

24.     <u>Joint Drafting</u>.  This Agreement shall be deemed to have been jointly drafted by the Parties, and in construing and interpreting this Agreement, no provisions shall be construed and interpreted for or against any of the Parties because such provisions or any other provision of the Agreement as a whole is purportedly prepared or requested by such Party.

25.     <u>Parties Cooperation</u>. The Parties agree to cooperate to effectuate the terms of this Agreement, including Bankruptcy Court Approval, the transfer of the Billboard Assets to Billboards U.S.A., and the conveyance of the Billboard U.S.A. Stock to the Debtor.

26.     <u>Captions</u>. Captions in this agreement are included for identification and shall not be used to interpret the Agreement.


**[THIS PORTION OF THE PAGE WAS INTENTIONALLY LEFT BLANK]**

29.    Confidentiality. The Parties agree to keep the terms of the Agreement confidential except as required to obtain Bankruptcy Court approval.

| **DANIEL M. CUGINI** | **GABRIELA CUGINI** |
|---|---|
| Date: 11/15/10 | Date: 11/15/10 |
| **LAND EAST WEST, LLC** | **LAND NORTH, LLC** |
| By: Daniel M. Cugini | By: Daniel M. Cugini |
| Its: Member | Its: Member |
| Date: 11/15/10 | Date: 11/15/10 |
| By: Gabriela Cugini | By: Gabriela Cugini |
| Its: Member | Its: Member |
| Date: 11-15-10 | Date: 11/15/10 |
| **BILLBOARDS U.S.A. OUTDOOR, INC.** | |
| By: Daniel M. Cugini | |
| Its: President | |
| Date: 11/15/10 | |

# SCHEDULE "A"

## Real Property Currently Held by LAND EAST WEST, LLC to be Transferred to BILLBOARDS U.S.A., OUTDOOR INC.

| | Street Address: | | Legal Description: |
|---|---|---|---|
| 1 | 4272 N Access Rd | Port Charlotte, Fl 34224 | PORT CHARLOTTE SEC63 BLK3697 LT 58 508/342 582/1188 583/968 675/1480 1194/1872 2002/1693 3326/841 E3330/1944 PCH 063 3697 0058 |
| 2 | 12940 Willmington Blvd | Port Charlotte, FL 33981 | PORT CHARLOTTE SEC95 BLK5117 LT 2 1478/848 1709/526 3326/841 E3330/1930 E3330/1928 PCH 095 5117 0002 |
| 3 | 12946 Willmington Blvd | Port Charlotte, FL 33981 | PORT CHARLOTTE SEC95 BLK5117 LT 1 735/659 1859/38 3326/841 E3330/1930 E3330/1928 PCH 095 5117 0001 |
| 4 | 7157 Gasparilla Rd | Port Charlotte, Fl 33981 | PORT CHARLOTTE SEC 95 3RD REP BLK 5358 LT 17 1082/945 1305/820 PR93-825 1945/6 3326/841 E3330/1940 PCH 095 5358 0017 |
| 5 | 8564 Wiltshire Dr | Port Charlotte, Fl 33981 | PORT CHARLOTTE SEC58 BLK4250 LT 26 1478/848 PR05-2668 2896/1473 3085/1496 3434/63 PCH 058 4250 0026 |
| 6 | 10076 Winborough Dr. | Port Charlotte, Fl 33981 | PORT CHARLOTTE SEC85 BLK4616 LT 28 603/454 633/444 1053/1577 1142/1688 1949/583 3326/841 E3330/1938 PCH 085 4616 0028 |
| 7 | 10061 Tamiami Trl | Port Charlotte, Fl 33950 | 21 41 23 P-29 0.8 AC. M/L A PARCEL OF LAND IN SW1/2 OF SW1/4 OF SEC 21 & NW1/4 OF OF NW1/4 OF SEC 28 LYING BETWEEN ALLIGATOR CREEK & US 41 825/325 1548/1386 1768/9608961 3326/841 E3330/1936 ZZZ 214123 P29 |
| 8 | 28163 Tuckers Grade or 12014 Estrella Blvd | Port Charlotte, FL 33955 | TROP G A UN7 BLK145 LTS 14 15 LESS RD R/VW 408/107 832/321 832/321 1111/1978 2744/129 3326/841 TGA 007 0145 0014 |
| 9 | 28175 Tuckers Grade Road | Port Charlotte, FL 33955 | : TROP G A UN 7 BLK145 LT 16 472/573 614/952 636/1786 791/910 830/1127 1111/1978 2744/129 3326/841 TGA 007 0145 0016 |
| 10 | 28181 Tuckers Grade Road | Port Charlotte, FL 33955 | TROP G A UN 7 BLK145 LT 17 830/1127 1111/1978 2744/129 3326/841 TGA 007 0145 0017 |
| 11 | 28182 Jacinto Drive | Port Charlotte, FL 33955 | TROP G A UN 7 BLK145 LT 13 495/721 826/467 826/2052 830/1127 1111/1978 2744/129 3326/841 TGA 007 0145 0013 |

## Real Property Currently Held by LAND NORTH, LLC to be Transferred to BILLBOARDS U.S.A. OUTDOOR INC.

| | Street Address: | | Legal Description: |
|---|---|---|---|
| 1 | 12290 Lackawanna Ln | Port Charlotte, FL | PORT CHARLOTTE SEC55 BLK3003 LT 16 567/68 876/553 1878/28 2118/448CD2394/711 CD2394/712 2394/713 3326/820 PCH 055 3003 0016 |
| 2 | 12314 Lackawanna Ln. | Port Charlotte, FL | PORT CHARLOTTE SEC55 BLK3003 LT19 482/167 970/1461-62 970/1464 1076//1870 1605/1502 1629/816 1780/247 2335/757 3326/820 PCH 055 3003 0019 |
| 3 | 12315 Eisenhower Drive | Port Charlotte, FL | PORT CHARLOTTE SEC55 BLK3003 LT5 567/649 825/250 2436/1382 3326/820 PCH 055 3003 0005 |
| 4 | 12322 Lackawanna Ln | Port Charlotte, FL | PORT CHARLOTTE SEC55 BLK3003 LT 20 557/1167 916/660 1780/255 2335/757 3326/820 PCH 055 3003 0020 |
| 5 | 12331 Eisenhower Drive | Port Charlotte, FL | PORT CHARLOTTE SEC55 BLK3003 LT 3 571/1394 1161/14 2404/2166 3326/820 PCH 055 3003 0003 |
| 6 | 12339 Eisenhower Drive | Port Charlotte, FL | PORT CHARLOTTE SEC55 BLK3003 LT 2 571/1393 1161/12 571/1393 2404/2166 3326/820 055 3003 0002 |
| 7 | 1424 El Jobean Road | Port Charlotte, FL | PORT CHARLOTTE SEC41 BLK657 L145 403/339 816/1997 1281/1425-28 1609/1708 1638/1588 1681/280 3326/820 E3330/1926 PCH 041 0657 0045 |
| 8 | 1684 El Jobean Road | Port Charlotte, FL | PORT CHARLOTTE SEC41 BLK655 LT 40A 517/332 642/2199 682/946-57 870/688 1017/208 CT1363/1217 1505/1416 1620/1052 1681/280 3326/820 E3330/1924 |
| 9 | 20185 Kenilworth Blvd. | Port Charlotte, FL | PORT CHARLOTTE SEC34 BLK898 LT 3 E1473/2142 1581/1209 1742/1238 1755/640 E1755/652 3326/820 PCH 034 0898 0003 PCH 034 0898 0003 |
| 10 | 250 Campmas Street | Punta Gorda, Fl 33983 | PUNTA GORDA ISLES SEC20 BLK610 L734 702/1643 DC1069-1067-JDL 2141/1349 3326/820 PGI 020 0610 0034 |



| # | Address | City/State/Zip | Legal Description |
|---|---|---|---|
| 11 | 27108 San Carlos Drive | Punta Gorda, FL 33983 | HRBR HTS SEC11 PART 2 BLK391 LTS 26 27 28 TD2000/1378 2455/1654 3326/820 H8H 011 0191 0026 |
| 12 | 27223 Solomon Dr | Punta Gorda, FL 33983 | HRBR HTS SEC7 REV BLK51 LTS 116 117 & 118 90/232 870/1782 2435/1246 3326/820 H8H 007 0051 0116 |
| 13 | 3255 Tamiami Trail | Port Charlotte, FL | PORT CHARLOTTE SEC2 BLK14F LT 27 & 40FT VAC STRIP WITHIN EXTENDED PROPERTY LINES BY 346/137 346/142 444/526 DC674/1653 756/558-560 1738/598 AFF1763/1524 1763/1528 3326/820 E3330/1932 |
| 14 | 3512 El Jobean Road | Port Charlotte, FL | EL JOBEAN WARD 7 PLAN 2 A TRIANGULAR PARCEL E OF SR776 & N OF LT384 AKA P1-6. 610S AC M/L 420/224 629/2181 665/2196&97 666/204 680/740 838/104 1192/977 1197/2001 1412/641 UNREC FJ 1974/2119 3326/820 EAS3330/1342 |
| 15 | 445 Tamiami Trail, | Port Charlotte, FL 33953 | PORT CHARLOTTE SEC32 BLK2401 LT 26 656/545 693/2115 1856/423 1978/2184 CD2063/1928 3326/820 PCH 032 2401 0026 |
| 16 | 448 & 464 Bowman Terrace | Port Charlotte, FL 33953 | PORT CHARLOTTE SEC32 BLK2401 LTS 19 & 20 269/82 607/647 1594/362 3326/820 PCH 032 2401 0019 |
| 17 | 449 Tamiami Trail, | Port Charlotte, FL 33953 | PORT CHARLOTTE SEC32 BLK2401 LT25 539/1247 631/1952 660/1702 823/1276 1674/157 1980/1025 3326/820 PCH 032 2401 0025 |
| 18 | 453 Tamiami Trail, | Port Charlotte, FL 33953 | PORT CHARLOTTE SEC32 BLK2401 LT 24 172/675 DC663/2061 649/7551073/1401 1647/2088 3326/820 3330/1922 PCH 032 2401 0024 |
| 19 | 457 & 461 Tamiami Trail, 395 Longley Drive or 464 Bowman | Port Charlotte, FL 33953 | PORT CHARLOTTE SEC32 BLK2401 LTS 22 & 23 242/146 862/841 1570/1802 CD1692/1349 3326/820 PCH 032 2401 0022 |
| 20 | Terrace | Port Charlotte, FL | PORT CHARLOTTE SEC 32 BLK2401 LT 21 1583/1608 3326/820 PCH 032 2401 0021 |
| 21 | 664 Tamiami Trail, | Port Charlotte, FL 33953 | PORT CHARLOTTE SEC30 BLK1145 LT8 795/1864 2139/2011 3326/820 PCH 030 1145 0008 |
| 22 | 666 Tamiami Trail, | Port Charlotte, FL 33953 | PORT CHARLOTTE SEC30 BLK1145 LT 9 691/1085 875/1649 1201/1973 1219/285 DC1296/572 1773/773 3326/820 PCH 030 1145 0009 |
| 23 | 668 Tamiami Trail, | Port Charlotte, FL 33953 | PORT CHARLOTTE SEC30 BLK1145 LT 10 402/649 330/244 360/507 383/174383/176 393/930 495/928 1768/479 2335/757 3326/820 EAS3330/1934 PCH 030 1145 0010 |
| 24 | 824 Tamiami Trail | Port Charlotte, FL 33954 | PORT CHARLOTTE SEC22 BLK1118 LT 7 244/417 DC447/826 447/829 562/902 564/2112 1239/1296 DC1307/1254 1355/373 1811/174 3279/2081 3326/820 E3330/1948 PCH 022 1118 0007 |
| 25 | 826 Tamiami Trail | Port Charlotte, FL 33954 | PORT CHARLOTTE SEC22 BLK1118 LT 8 418/177 538/2057 939/2054 1821/348 3279/2081 3326/820 E3330/1948 PCH 022 1118 0008 |
| 26 | 895 Tamiami Trail | Port Charlotte, FL | PORT CHARLOTTE SEC41 BLK676 LT 53 243/59 633/547 1665/1171 3292/1353 3326/820 EAS3330/1950 PCH 041 0676 0053 |

