UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| **In re:** | **Case Nos.:** | **9:10-bk-13469-ALP** |
| | | **9:10-bk-13470-ALP** |
| **DANIEL M. CUGINI,** | | **9:10-bk-17762-ALP** |
| **CREDIT CARDS DIRECT, INC. and** | **Chapter 11** | |
| **SPRINKLES ICE CREAM, LLC** | | |

**Debtors.**
_____/

### ORDER GRANTING DEBTOR'S
### *MOTION TO APPROVE STIPULATION* [ECF # 210]

**THIS MATTER** came before the Court on an *ex parte* basis, pursuant to Fed. R. Bankr. P. 2002 and 9019 and Local Bankruptcy Rule 2002-4, and upon the Debtor's *Motion to Approve Stipulation* (the "**Motion**") [ECF # 210]. The Court, having reviewed the Motion and the terms of the Stipulation[1], makes the following findings of fact and conclusions of law:

A. M&I Marshall & Ilsley Bank (**"M&I")** has alleged that Daniel M. Cugini (the "**Debtor")** fraudulently transferred his interests in certain billboards to various entities. The Debtor denies the allegations in their entirety and has further asserted that irrespective of the ownership interests of the subject billboards, his Chapter 11 Plan of Reorganization proposes to pay creditors the value of the Billboard Assets in accordance with 11 U.S.C. §§ 1129(a)(7) and (a)(15).

---

[1] Capitalized terms shall have the meaning ascribed to them in the Motion unless otherwise defined herein.

B. Without admission of liability, the Debtor has sought to resolve the dispute with M&I with respect to the Transfers. In doing so, the Debtor has entered into a settlement agreement with and Gabriela Cugini, Billboards U.S.A. Outdoor, Inc., Land North, LLC, Land East West, LLC (each a **"Party"**, and collectively with the Debtor, the **"Parties"**), the terms of which are memorialized in the Stipulation.

C. The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to object within 21 days of the date of service (the **"Objection Deadline"**).

D. No party filed an objection prior to the expiration of the Objection Deadline and no party has requested a hearing on the Motion. Therefore, the Court considers the matter to be unopposed.

E. The Court finds that the Stipulation is in the best interest of creditors and the Bankruptcy Estate. Accordingly, the Stipulation meets the standard for approval of settlements as set forth in *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.) *cert. denied*, 498 U.S. 959 (1990).

F. The Court finds that notice to creditors and opportunity to object, as provided within this Order is sufficient to comply with Federal Rule of Bankruptcy Procedure 9019 and Rule 2002 of the Federal Rules of Bankruptcy Procedure.

Based upon the foregoing findings of fact and conclusions of law, the Court **ORDERS** as follows:

1. The Motion is **GRANTED**.

2. The Stipulation under the terms set forth in the Motion is **APPROVED**.

3. Land North, LLC and Land East West, LLC shall convey any and all Billboard Assets that each entity holds to Billboards U.S.A. Outdoor, Inc., subject to any claims, whether secured or unsecured, to which the Billboard Assets are subject.

4. Mrs. Cugini shall transfer her fifty percent (50%) equity interest in Billboards U.S.A. Outdoor, Inc. to the Debtor (the "**Stock Transfer**"). Consequently, the Debtor will be the sole shareholder of Billboards U.S.A. Outdoor, Inc., which shall hold all the Billboard Assets formerly held by Land North, LLC and Land East West, LLC.

5. Upon execution of Stock Transfer, Mr. Cugini shall amend his bankruptcy Schedule B to reflect his 100% ownership interest in Billboards U.S.A. Outdoor, Inc. and shall not claim such interest as exempt.

6. The Court reserves jurisdiction to enforce the terms of this Order and the Stipulation.

DONE and ORDERED in Chambers at Ft. Myers, Florida, on January 06, 2011.

_____
DAVID H. ADAMS
United States Bankruptcy Judge

Copies furnished to:

Copies to be provided by CM/ECF service.
Robert Charbonneau, Esq., 501 Brickell Key Drive, #300, Miami, FL 33131
The UST, 501 East Polk Street, Suite 1200, Tampa, FL 33602-3945
U.S. Attorney's Office, A. Brian Albritton, Esq., 400 N. Tampa St, Ste 3200, Tampa, FL 33602
Internal Revenue Service, 3848 W. Columbus Dr, Tampa FL 33607
Internal Revenue Service, PO Box 21126, Philadelphia, PA 19114-0326
Local Rule 1007-2 Parties in Interest List.